IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRANDON MCCAULEY                                                    PLAINTIFF

v.                              Civil No. 6:16-CV-06110-SOH-MEF

SHERIFF ED HOLLINGSWORTH (Hot                               DEFENDANTS
Springs County Jail) and HOT SPRINGS
COUNTY JAIL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brandon McCauley, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 17, 2016, in the Eastern District of Arkansas. (Doc. 2) The case was properly transferred to this District on October 26, 2016. (Doc. 4) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff is currently incarcerated in the Hot Springs County Jail. Plaintiff named the Hot Springs County Jail as a Defendant in this case. (Doc. 2)

### II.  APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the

1

causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

Plaintiff listed the Hot Springs County Jail as a Defendant in his Complaint. The jail is a building and not a person or legal entity subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Therefore, the Hot Springs County Jail cannot be named as a Defendant in this matter.

## IV.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against Hot Springs County Jail be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiff's claims against all other Defendants remain for further resolution. Service will be addressed by separate order.

**The parties have fourteen (14) days from receipt of the Report and**

**Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of December, 2016.

/s/   *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3